IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamal Davis, | ) | C/A No. 0:13-765-TLW-PJG |
|                 Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections; DHO Officer Patterson; Grievance Coordinator Johnson, | ) ) ) | |
|                 Defendants. | ) | |

The plaintiff, Jamal Davis ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and the individual defendants are SCDC employees.[1] He files this action *in forma pauperis* under 28 U.S.C. §1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff alleges that the disciplinary hearing officer, Defendant Patterson, violated his civil rights by "render[ing] excessive punishment" taking away his "good time" credits such that his sentence now extends past his "max-out" date. (ECF No. 1 at 2.) He complains that the grievance coordinator, Defendant Johnson, refused to process his prison grievance with respect to his claims. Plaintiff seeks to have his good time credits restored or, in the alternative, to recover monetary damages for being imprisoned past his max-out date.

---

[1] 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Page 1 of 5



## DISCUSSION

To the extent Plaintiff seeks restoration of his good time credits and a corresponding reduction in his projected release date, his sole federal remedy is a writ of habeas corpus, not a civil rights action.[2]  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus."); 28 U.S.C. § 2254.

With regard to any claim for damages, to recover damages under 42 U.S.C. § 1983 based on an allegedly unconstitutional imprisonment, a plaintiff must show that the legality of the imprisonment has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages based upon an allegedly illegal term of imprisonment that has not been so invalidated is not cognizable under § 1983.  Id.

As the Supreme Court has stated,

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).  This rule applies to prison disciplinary convictions as well.  Edwards v. Balisok, 520 U.S. 641, 646 (1997).  Because

---

[2] Should Plaintiff hereafter seek habeas corpus relief, he is advised that SCDC is not a proper party to a habeas petition.  Generally, only the warden with custody of the petitioner is properly named as a respondent in a habeas corpus action.  See Rumsfeld v. Padilla, 542 U.S. 426, 464-35 (2004); 28 U.S.C. § 2242.



the Complaint shows that Plaintiff's disciplinary conviction has not been overturned or invalidated, no civil rights claim for damages based on its illegality has yet accrued. Id.

Additionally to the extent that Plaintiff seeks damages from Defendants, he cannot prevail because SCDC and the individual defendants,to the extent sued in their official capacities, have Eleventh Amendment immunity from such a lawsuit in federal court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989). Accordingly, Plaintiff's claims against SCDC and against the individual defendants in their official capacities fail as a matter of law.

**RECOMMENDATION**

Thus, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 17, 2013
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).